STATE of Minnesota, Respondent,

v.

Gwen Joanne SAFRANSKI, Appellant.

No. C6–85–2287.

Court of Appeals of Minnesota.

July 29, 1986.

Hubert H. Humphrey, III, State Atty. Gen., Robert J. Alfton, Minneapolis City Atty., Timothy S. Skarda, Asst. City Atty., Minneapolis, for State.

Barry V. Voss, Minneapolis, for appellant.

Considered and decided by SEDGWICK, P.J., and FORSBERG and LESLIE, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

Appellant Gwen Safranski was convicted by a jury of prostitution pursuant to Minn. Stat. § 609.324 (1984). Safranski appeals, arguing that the trial court erred in refusing to give a proposed jury instruction on her theory of the case. We affirm.

## FACTS

On June 14, 1985, Officer Dean Severson, who was assigned to the vice squad, rented a room at a south Minneapolis motel. Severson testified that he called Adventura outcall service and asked for a woman to come to his room. He was told someone would be sent out in twenty minutes. About fifteen minutes later, Severson received a telephone call from a woman who identified herself as Diane. "Diane" told Severson that there would be an agency charge of $30 and the minimum tip would be $75. "Diane" also asked where Severson was from and if he had any identification.

Approximately twenty minutes later, appellant arrived at Severson's room. Upon entry, she asked for the $30 agency fee and then asked to see Severson's identification. She next called the agency to report that everything was okay.

Severson testified that appellant told him to remove his clothing and she would give him a massage. After giving him about a five minute massage, appellant stated they could begin to talk about tipping. Severson told appellant that he wanted her to stay for about an hour; she responded that the cost would be $100. Appellant said oral sex would cost $75.

Severson testified that they agreed on a price of $100 "which would include everything." He then told appellant that he would get the money, walked over to his billfold, produced his police identification, and placed appellant under arrest.

Appellant presented a somewhat different version of the facts: She was surprised when Severson, upon her arrival, asked if she was Diane. She denied having used the name Diane in her telephone conversation with Severson. Severson offered her a beer and paid the agency fee.

Appellant then told Severson to get comfortable and she would give him a massage. She testified that she was surprised that he undressed so quickly and completely. Nonetheless, she proceeded to give him a thirty-minute massage, during which they engaged in casual conversation. Severson said he wanted her to stay longer, implying that he wanted more than a massage. They began to argue about how long she would stay and he then asked her about oral sex. She denied having agreed to perform any sexual acts. She testified that when it was clear to Severson that she would not engage in sex with him, he arrested her.

Appellant proposed a jury instruction based on her theory of the case as follows:

It is the theory of the defense that Ms. Safranski went to the Fair Oaks Motel to give a massage to the party in room 227 in response to a phone call to the Adventura Massage Service.

That while at the Fair Oaks Motel, Ms. Safranski was provided with beer by Officer Severson who also displayed false identification. That Ms. Safranski was given $30 as the agency fee and was assured $60 as the massage fee.

That while Ms. Safranski was administering the massage an argument ensued regarding the duration and manner of

the massage being given. When Ms. Safranski refused to comply with the demands of Officer Severson, she was arrested for prostitution.

The court refused to give the proposed instruction. The jury was instructed on the elements of the offense, direct and circumstantial evidence, burden of proof, presumption of innocence, and credibility of the witnesses.

## ISSUE

Did the trial court abuse its discretion in refusing to give appellant's proposed jury instruction?

## ANALYSIS

 Refusal to give a requested jury instruction is within the discretion of the trial court. *State v. Daniels*, 361 N.W.2d 819, 831 (Minn.1985). The instructions are to be examined as a whole, and the court need not give a proposed instruction "if the substance of it is already contained in the court's charge." *Id.* at 832 (citing *State v. Ruud*, 259 N.W.2d 567, 578 (Minn.1977), *cert. denied* 435 U.S. 996, 98 S.Ct. 1648, 56 L.Ed.2d 85 (1978)).

*Ruud* involved a prosecution for theft and presenting false claims to a public body. The trial court refused several of the defendant's proposed instructions. The supreme court held that it was not error to refuse to give the instructions because the evidence did not support the instructions and because the defendant took full advantage of the opportunity to argue the issue. The court stated:

> It is beyond dispute that a party is entitled to an instruction on his theory of the case if there is evidence to support it. *The court need not give the instruction as requested by the party if it determines that the substance of that request is contained in the court's charge.*

*Ruud*, 259 N.W.2d at 578 (emphasis added).

The supreme court also upheld the trial court's refusal to give a defendant's requested instructions in *State v. Phelps*, 328 N.W.2d 136 (Minn.1982). The defendant in *Phelps* requested instructions on duress and on the fact that mere presence at the scene of a crime is not enough to make one an accomplice. The court rejected the defendant's argument, stating that the trial court had adequately instructed on the defense and the burden of proof, and that it justifiably concluded that specific instructions on duress and presence were not necessary. *Id.* at 140.

 The essence of appellant's proposed instruction is credibility. The instruction asks the jury to find her not guilty if it believes her version of the facts rather than Severson's version. Appellant presented her theory in opening statement and again in closing argument. The trial court instructed the jury on credibility. The trial court was not required to give appellant's requested instruction.

## DECISION

The trial court did not abuse its discretion in refusing to give appellant's requested jury instruction.

Affirmed.